802 F.2d 452
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Walter L. GREENE, Appellant.
 No. 85-5256.
 United States Court of Appeals, Fourth Circuit.
 Argued May 9, 1986.
Decided Oct. 3, 1986.
 
 C. David Whaley (Elizabeth H. Dashiell; Morchower, Luxton & Whaley on brief), for appellant.
 James R. Spencer, Assistant United States Attorney (Justin W. Williams, United States Attorney on brief), for appellee.
 E.D.Va.
 REVERSED AND REMANDED.
 Before ERVIN and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Greene was convicted of being an accessory after the fact to armed robbery. Since he was convicted in violation of The Speedy Trial Act, 18 U.S.C. Sec. 3161(c)(2), we award him a new trial.
 
 
 2
 Greene was indicted on August 19, 1985. On August 29, he appeared pro se at his arraignment and pled not guilty. He informed the district court that he had an attorney, Stephen Webb, but that the attorney was not present because of a prior commitment. The district court set a trial date of October 1, 1985 and released Greene on personal recognizance.
 
 
 3
 On September 25 the district court was informed that neither the prosecution nor the clerk's office had heard from Greene's attorney. The court held a hearing the next day at which Greene once again appeared without counsel. Greene informed the court that Webb would take his case as soon as he paid Webb $1500 he owed him. He stated that he should have the money by September 30, the day before trial. The government attorney told the court he understood that Webb did not represent Greene and could not be prepared for trial by October 1. After ascertaining from the government attorney that the case was a simple one that could be tried in one day, the district court spoke with Webb on the telephone. The court then told Greene that the sooner he produced the money, the better the job Webb could do for him.
 
 
 4
 On September 27 the district court judge spoke with Webb's partner and learned that Greene had not yet made the necessary financial arrangements. The judge then directed Greene to file an affidavit of poverty. Based on that affidavit, he determined that Greene was not entitled to appointed counsel.
 
 
 5
 On October 1, 1985 the case proceeded to trial with Greene representing himself. Greene was convicted and sentenced to twelve years in prison. He appeals the conviction, arguing that by forcing him to trial on October 1 the district court violated his rights under the Speedy Trial Act and his Sixth Amendment right to counsel.
 
 
 6
 18 U.S.C. Sec. 3161(c)(2) provides.
 
 
 7
 Unless the defendant consents in writing to the contrary, the trial shall not commence less than 30 days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se.
 
 
 8
 This language unambiguously establishes the rights of a criminal defendant in two situations. If the defendant appears through counsel, the court cannot try him without his written consent fewer than thirty days from the date he first appears through such counsel. If he does not appear through counsel, the court cannot try him fewer than thirty days from the date he "expressly waives counsel and elects to proceed pro se."
 
 
 9
 Greene never appeared before the district court through counsel. The record does not support a finding of express waiver, and the district court did not make such a finding. Thus the thirty day period provided by Sec. 3161(c)(2) never began to run. United States v. Wright, No. 85-5510 filed August 4, 1986. As we indicated in Wright, a violation of Sec. 3161(c)(2) requires a new trial. Because we find that Greene is entitled to a new trial under S 3161(c)(2), we do not consider his Sixth Amendment arguments.
 
 
 10
 REVERSED AND REMANDED.